UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26mj8013 WM

UNITED STATES OF AMERICA v.

EDWIN DAVID PEREZ-SANTIZO

Defendant.
_____/

FILED BY SW D.C.

Jan 10, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

4. 4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: _____
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   188591
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   (561) 820-8711
Fax:   (561) 820-8777
Email:  Aurora.Fagan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 26mj8013 WM |
| EDWIN DAVID PEREZ-SANTIZO, | ) | |
| *Defendant(s)* | ) | |

FILED BY ___SW___ D.C.
Jan 10, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __01/08/2026__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after removal. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Richard Soto Valentin, Border Patrol Agent
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: January 10, 2026

_____
Judge's signature

City and state: West Palm Beach, FL

William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Soto Valentin, being duly sworn, depose and state as follows:

1. I am a Border Patrol Agent ("BPA") for the U.S. Department of Homeland Security, United States Border Patrol, and have served in that position for almost nineteen (19) years. I am currently assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida. Previously, from January 2019 to June 2022, I was assigned as a Prosecution Agent to the West Palm Beach Station. Form February 2015 to March 2017, I was detailed to the Drug Enforcement Administration ("DEA") Resident Office in Port St Lucie, Florida. During my tenure at the DEA, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering. From March 2012 to June 2014, I was detailed to Homeland Security Investigations ("HSI") in Arecibo, Puerto Rico. During my tenure at HSI, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering and illegal weapons violations. Prior to becoming a Federal Agent, I was a state Criminal Investigator in the Puerto Rico Police Department for a period of eleven (11) years. I was assigned to the Narcotic Division as a Criminal Investigator. I have attended the United States Border Patrol Agent Academy, at the Federal Law Enforcement Training Center, in Artesia, New Mexico. I have received specialized training regarding the investigation and enforcement of United States Immigration Laws. In the capacity of a Border Patrol Agent, I am charged with enforcing federal administrative and criminal laws under Titles 8, 18, 19, and 21 of the United States Code. As a federal law enforcement agent, I have the

authority to conduct investigations, make arrests, execute search warrants, and take sworn statements.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Edwin David PEREZ-SANTIZO ("PEREZ-SANTIZO"), committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Section 1326 (a).

3. On January 08, 2026, at approximately 17:55 hours, Border Patrol Agent (BPA) Richard Soto Valentin and BPA Guillermo Diaz Pitti observed a black sedan driving southbound on I-95 in Palm Beach County, Florida. Both agents noticed that when the driver observed them and the marked Border Patrol vehicle, the driver performed an evasive maneuver and attempted to avoid them.

4. Due to the driver's reaction and behavior, BPA Soto ran checks of the black sedan's assigned Florida registration 69ANBD through Florida's Driver and Vehicle Information Database (DAVID) system. DAVID system revealed that the black sedan was registered to a Guatemalan national by the name of PEREZ-SANTIZO, Edwin David. DAVID system also showed that PEREZ-SANTIZO did not have a Florida Driver's License issued to him. The State of Florida does not issue driver licenses to individuals who failed to provide legal proof of residency, to include foreign nationals illegally in the US.

2

5. Further immigration checks on PEREZ-SANTIZO, through DHS Databases revealed that he had been previously removed from the United States (U.S.) The Agents suspecting that the black sedan was occupied by foreign nationals illegally in the US, conducted an immigration stop of the black sedan at or near the intersection of interstate I-95, north of Palm Beach Lake Blvd in West Palm Beach, Florida.

6. After identified myself as Border Patrol Agent, I questioned the driver, as to his nationality and right to be and remain in the U.S. The driver of the vehicle was the registered owner (PEREZ-SANTIZO). The driver freely and voluntarily admitted as to being a Guatemalan national illegally in the U.S., and he could not produce any immigration documents that would allow him to be or remain in the U.S. legally. The driver was placed under arrest for being in the U.S. in violation of federal immigration law.

7. PEREZ-SANTIZO was placed under arrest and transported to the West Palm Beach Border Patrol Station for further investigation and processing.

8. At the station, PEREZ-SANTIZO's fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database.

9. The query on PEREZ-SANTIZO's fingerprints resulted in a positive match indicating that he had a prior immigration history under alien registration file A*** *** 015, and FFBI****AD0. The immigration electronic records and alien

3

file assigned to PEREZ-SANTIZO shows that he is a native and citizen of Guatemala.

10. Investigation revealed that Perez-Santizo was encountered near Vamori, Arizona, on January 28, 2008, and was granted a Voluntary Return. On July 24, 2008, PEREZ-Santizo was encountered and arrested at 3121 Plateau Drive, Columbus, GA, by Atlanta ICE-ERO Fugitive Operations. On July 31, 2008, PEREZ-SANTIZO was ordered removed by an Immigration Judge. On September 3, 2008, PEREZ-SANTIZO was removed from Atlanta, GA, to his native country, Guatemala.

11. The record checks through the Department of Homeland Security (DHS) CLAIMS database failed to locate any evidence indicating that PEREZ-SANTIZO had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

(Remainder of page intentionally left blank.)

12. Based on the foregoing, I submit that probable cause to believe exists that, on or about January 08, 2026, PEREZ-SANTIZO, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

Richard Soto Valentin
Border Patrol Agent
United States Border Patrol

Subscribed and sworn to before me, by Telephone (FaceTime), in accordance with the requirements of Fed. R. Crim. P. 4.1, on this __10th__ day of January, 2026.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

5